**Affirmed as modified and Opinion Filed August 8, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00031-CR
No. 05-13-00032-CR

**FREDRICK DOUGLAS FEASTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6
Dallas County, Texas
Trial Court Cause Nos. F06-63541-X, F08-62342-X**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices FitzGerald and Lewis
Opinion by Justice FitzGerald

Fredrick Douglas Feaster was convicted of possession of marijuana in an amount of five pounds or less but more than four ounces and unlawfully carrying a weapon in a tavern. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(3) (West 2010); TEX. PENAL CODE ANN. § 46.02(a), (c) (West 2011). In the marijuana case, punishment, following adjudication of his guilt, was assessed at one year's confinement in a state jail. In the firearms case, punishment, following the revocation of his community supervision, was assessed at five years' imprisonment. In three issues, appellant contends the trial court's judgments should be modified

to correctly reflect the proceeding. The State agrees the modifications should be made. We modify the trial court's judgments and affirm as modified.

In his first and second points of error, appellant contends the judgments should be modified because they incorrectly show he pleaded true to all of the alleged probation violations. In his third point of error, appellant contends the judgment in the marijuana case should be modified to correct the statute of the offense. The State responds that the judgments should be modified in the manner appellant requested.

The record shows appellant pleaded not true to two of the allegations in the State's motion to adjudicate and motion to revoke community supervision, and he pleaded true to the remaining five allegations. The judgments incorrectly recite that appellant pleaded true to the motions. Additionally, the judgment in the marijuana case inaccurately recites the statute of the offense as "481.115 Health and Safety Code."

In cause no. 05-13-00031-CR, we modify the judgment adjudicating guilt to show the plea to the motion to adjudicate is "not true" for condition (a) and "true" for conditions (b), (h), (j), and (n). *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). We also modify the judgment adjudicating guilt to show the statute for the offense is "481.121 Health and Safety Code."

In cause no. 05-13-00032-CR, we modify the judgment revoking community supervision to show the plea to the motion to revoke is "not true" for condition (a) and "true" for conditions (b), (h), (j), and (n).

As modified, we affirm the trial court's judgments.

Do Not Publish
TEX. R. APP. P. 47
130031F.U05

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FREDRICK DOUGLAS FEASTER,
Appellant

No. 05-13-00032-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 6 of Dallas County, Texas (Tr.Ct.No.
F08-62342-X).
Opinion delivered by Justice FitzGerald,
Chief Justice Wright and Justice Lewis
participating.

Based on the Court's opinion of this date, the trial court's judgment revoking community supervision is **MODIFIED** as follows:

The section entitled "Plea to Motion to Adjudicate" is modified to show "Not True Condition (a); True Conditions (b), (h), (j), (n)."

As modified, we **AFFIRM** the trial court's judgment revoking community supervision.


Judgment entered August 8, 2013


/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

-4-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FREDRICK DOUGLAS FEASTER,
Appellant

No. 05-13-00031-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 6 of Dallas County, Texas (Tr.Ct.No.
F06-63541-X).
Opinion delivered by Justice FitzGerald,
Chief Justice Wright and Justice Lewis
participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "481.121 Health and Safety Code."

The section entitled "Plea to Motion to Adjudicate" is modified to show "Not True Condition (a); True Conditions (b), (h), (j), (n)."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered August 8, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE